UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| DAWNE E. ERA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MORTON COMMUNITY BANK,<br>BANK OF AMERICA, NA and<br>E*TRADE BANK,<br><br>　　　　Defendants. | CIVIL ACTION<br>NO. 1:11-cv-00455-M-LDA |

**DEFENDANT E*TRADE BANK'S MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS FOR PLAINTIFF'S FAILURE
TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

Defendant E*Trade Bank ("E*Trade") moves, pursuant to Fed. R. Civ. P. 12(b), to dismiss plaintiff's Complaint for Declaratory Judgment and Injunctive Relief ("Complaint").[1] This memorandum, the affidavits and attached exhibits are filed in support of E*Trade's motion.

**I.     Statement of the Case.**

On April 6, 2007, plaintiff Dawne E. Era ("plaintiff") executed a Mortgage for the property located at 4 Fifteenth Avenue, Warwick, Rhode Island ("Property"). The Mortgage

---

[1]     In its original Motion to Dismiss, E*Trade asserted that the plaintiff failed to join an indispensable party pursuant to Fed.R.Civ.P. 19. Since E*Trade's original Motion to Dismiss was filed and the filing of this Motion to Dismiss, E*Trade and the third-party bidder (the party argued to be indispensable) entered into an agreement with respect to the subject property. The indispensable party issue is now moot.

{00327086.DOCX}

identified defendant Morton Community Bank as the mortgagee, referred to therein as "Lender."  (Mortgage, Exhibit A, Paragraph C)[2].

The Mortgage expressly provides:

> "This Security Instrument secures to Lender:  (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note.  For this purpose, Borrower does hereby mortgage, grant and convey to Lender, with Mortgage Covenants upon the Statutory Condition and with the Statutory Power of Sale, the following described property…"  (Mortgage, Page 3)

The Mortgage further provides:

> "The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower."  (Mortgage, Paragraph 20)

The Mortgage was recorded on April 11, 2007.  On April 8, 2007, Morton Community Bank assigned the Mortgage and Note to Bank of America N.A.  The "Assignment of Mortgage or Deed of Trust or Security Deed" (Exhibit B) was recorded on August 5, 2011.  On June 28, 2007, Bank of America N.A. assigned the Mortgage and Note to E*Trade Bank.  This "Assignment of Mortgage" (Exhibit C) was also recorded on August 5, 2011.

Plaintiff's Complaint is not clear, but lists three Counts against the defendants, apparently seeking declaratory judgment, punitive damages and to quiet title to the Property. The general thrust of the allegations asserted by the plaintiff is that the Assignments are defective; that the defendants are not entitled to foreclose on the Property and that the

---

[2] Plaintiff attached portions of the Mortgage and copies of the Assignments to her Complaint.  A complete copy of the Mortgage and the two Assignments are filed herewith.

foreclosure is defective. Plaintiff asks the Court to enter judgment that she owns the Property as a matter of law.

E*Trade seeks dismissal of plaintiff's Complaint pursuant to Rule 12(b). Plaintiff lacks standing to challenge the validity of the Assignments referred to above. The Mortgage and Assignments clearly show that E*Trade is entitled to foreclose on the Property. The bald assertions made by the plaintiff in her Complaint are speculative and wholly unsupported. Such assertions should not be credited even at the motion to dismiss stage.

## II. Motion to Dismiss for Failure to State a Claim.

### a. Standard of Review

It is well-settled that to survive a motion to dismiss under Rule 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The Court must accept a plaintiff's allegations as true and construe them in the light most favorable to the plaintiff, see Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009). However, the Court need not credit bald assertions or unverifiable conclusions. The Court takes "the complaint's well-pled (*i.e.*, nonconclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor and see if they plausibly narrate a claim for relief." Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (internal citations omitted). "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." SEC v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010) (*citing,* Twombly, 550 U.S. at 555). A plaintiff

must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). As stated in Twombly, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555.

Matters outside the pleadings may be presented to and considered by the Court in ruling upon a Rule 12 motion to dismiss. See Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001) ("documents the authenticity of which are not disputed by the parties," "official public records," "documents central to plaintiffs' claim," or "documents sufficiently referred to in the complaint" may be considered in connection with a motion to dismiss without converting such motion into a summary judgment motion). See also, Watterson v. Page, 987 F.2d 1, 3-4 (1st Cir.1993). "When the complaint relies upon a document, whose authenticity is not challenged, such a document "merges into the pleadings" and the court may properly consider it under a Rule 12(b)(6) motion to dismiss." Alt. Energy, Inc., supra.

### b. Argument

Plaintiff's Complaint does not plausibly state a claim for declaratory or injunctive relief. The facts alleged in plaintiff's Complaint do not allow for a reasonable inference that the Assignments are defective and that E*Trade is not entitled to foreclose. E*Trade argues that plaintiff has no standing to challenge the validity of the Assignments and the right to foreclose upon plaintiff's default. As all counts of the Complaint therefore lack merit, the Complaint must be dismissed.

### i. Plaintiff Lacks Standing to Challenge the Validity of the Assignments.

Plaintiff lacks standing. The basis of jurisdiction asserted by the plaintiff is diversity jurisdiction, 28 U.S.C. § 1332. Diversity jurisdiction requires this Court to apply Rhode Island substantive law to decide all state law claims. Miree v. DeKalb County, Georgia, 433 U.S. 25, 28 (1977). See also Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938) and Barton v. Clancy, 632 F.3d 9, 17 (1st Cir. 2011) ("A federal court sitting in diversity … must apply state substantive law…"). Plaintiff, who brought this action in this Court, bears the burden of establishing his standing. Mangual v. Rotger–Sabat, 317 F.3d 45, 56 (1st Cir. 2003). See also, Cosajay v. Mortgage Electronic Registration Systems, Inc., C.A. No. 10-442, ECF No. 21 at 12 (D.R.I. Jun. 23, 2011) (report and recommendation).

The premise of plaintiff's claim is a challenge to the validity of the Assignments of her Mortgage. Plaintiff, however, is not a party to either Assignment. The principle that a party to a contract does not have standing to challenge the contract's assignment is well established. See Brough v. Foley, 525 A.2d 919, 922 (R.I. 1987); DePetrillo v. Belo Holdings, Inc., 45 A.3d 485, 493 (R.I. 2012) (affirmed holding in Brough, supra, that one not a party to an agreement has no standing to challenge the validity of the agreement).

Under Rhode Island law, plaintiffs/mortgagors lack standing to challenge the validity of mortgage assignments. Seng v. Mortg. Elec. Registration Sys., Inc., No. PC 2011-2784, 2013 WL 1490360, *4 (R.I. Super. April 3, 2013); Payette v. Mortgage Electronic Registration Systems, No. PC-2009-5875, 2011 WL 3794700 (R.I. Super. August 22, 2011) ("[c]ourts have widely held that homeowners lack standing to challenge the proprietary of mortgage assignments and the effect those assignments, if any, could have on the underlying

obligation."); Rutter v. Mortg. Elec. Registration Sys., Inc., Nos. PC 2010-4756, PD 2010-4418, 2012 WL 894012 (R.I. Super. Mar. 12, 2012). *See also*, Fryzel v. Mortgage Electronic Registration Systems, 2011 WL 9210454 (D.R.I. Jun. 10, 2011) (Report and Recommendation); Liviona Prop. Holdings, LLC v. 12840 Farmington Rd. Holdings LLC, 717 F.Supp.2d 724 (E.D. Mich. 2010) (holding that property owner lacked standing to challenge assignment of his mortgage to a subsequent entity).

"[A]n assignment generally requires neither the knowledge nor the assent of the obligor, [and] because an assignment cannot change the obligor's performance." 6 Am.Jur. 2d Assignments § 2. As stated in Brough v. Foley, *supra*, 525 A.2d at 921-922:

> [The] sole right that plaintiffs had in respect to the subject real estate is set forth in the sales agreement that they entered into with [the executor]… This agreement gave no right to plaintiffs to second-guess the validity of the right of first refusal, nor did it give plaintiffs the right to supervise or pass upon the effectiveness of the assignment to [the assignor]'s nominee, or the nominee's exercise of that assignment.…The plaintiffs were, in substance, strangers to those transactions and were given no rights under the contract to challenge the transactions.

To determine whether plaintiff has standing, the Court must inquire "whether the plaintiff alleges that the challenged action has caused [her] injury in fact, economic or otherwise." Pontbriand v. Sundlun, 699 A.2d 856, 862 (R.I.1997) (quotations omitted). One well-settled principal relative to standing is " 'the general prohibition on a litigant's [standing to] raise another person's legal rights ...'" Osediacz v. City of Cranston, 414 F.3d 136, 139 (1st Cir.2005) (quoting Allen v. Wright, 468 U.S. 737, 750, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984)). Here, plaintiff seeks to challenge the Assignments. The Assignments did not cause any injury to the plaintiff. The Assignments only changed the entity to whom plaintiff was obligated under the terms of his contracts, the Note and the Mortgage. Plaintiffs' allegations

in the Complaint regarding the Assignments therefore lack merit and must fail as a matter of law.[3]

Even presuming that the Assignments here are invalid, and that the person who executed the Assignments was not authorized to do so (which are denied), these facts still would not render the Assignments void *ab initio*;[4] rather, they would make the Assignments *voidable at the election of one of the parties to the contract*.[5] The Rhode Island Supreme Court cited and discussed the First Circuit's opinion in Culhane v. Aurora Loan Services of Neb., 708 F.3d 282 (1st Cir. 2013) with approval in Bucci v. Lehman Brothers Bank, 68 A.3d 1069, 1087-1088 (R.I. 2013). Culhane recognized that "a mortgagor does not have standing

---

[3]  Plaintiff will undoubtedly attempt to counter this argument with Culhane v. Aurora Loan Servicing of Nebraska, 708 F.3d 282 (1st Cir. 2013). The First Circuit, however, resolved Culhane strictly on Massachusetts law and emphasized that its prudential standing analysis was in regard to a "Massachusetts mortgagor." *See* 708 F.3d at 291 ("The short of it is that, in Massachusetts, a mortgagor has a legally cognizable right to challenge a foreclosing entity's status qua mortgagee."). Even under the Massachusetts law, the First Circuit found limitations to what a mortgagor may challenge. Id. (stating that a "mortgagor does not have standing to challenge shortcomings in [a valid] assignment that render it merely voidable at the election of one party but otherwise effective to pass legal title"). Moreover, the Rhode Island Superior Court opined that Culhane is irrelevant to the application of Rhode Island law, which this Court must apply here:

> It is a long-standing principle of Rhode Island law that strangers to a contract do not have standing to challenge the subsequent assignment of that contract. *See* Brough v. Foley, 525 A.2d 919, 921-22 (R.I. 1987). Although a recent decision from the First Circuit holds that mortgagors have standing to challenge a mortgage assignment under Massachusetts law, this Court is obligated to apply the common law of Rhode Island.

Van Hoecke v. First Franklin Fin. Corp., KC 2009-0743, 2013 WL 1088825, slip op. at 7 n.3 (R.I. Super. Mar. 7, 2013). Bucci v. Lehman Brothers Bank, FSB, 68 A.3d 1069 (2013) does not alter this principle. Although Bucci cites Culhane, the Rhode Island Supreme Court does not adopt Culhane's holding as it pertains to a Massachusetts mortgagor's standing to challenge mortgage assignments.

[4]  *See* RESTATEMENT (SECOND) OF CONTRACTS § 7 ("[A] principal is free to affirm or to disavow the unauthorized promises of its agent, and thus contracts entered into by the agent acting beyond the scope of his authority are not void but are voidable by the principal.").

[5]  *See* 17A AM. JUR. 2D CONTRACTS § 10 ("[A] voidable contract is valid and binding until it is avoided by the party who is entitled to avoid it.").

to challenge shortcomings in an assignment that render it merely voidable at the election of one party but otherwise effective to pass legal title." Culhane v. Aurora Loan Services of Nebraska, 708 F.3d 282, 291 (1st Cir. 2013).[6] Morton Community Bank, Bank of America and/or E*Trade have not taken any steps toward disavowing the validity or effectiveness of the mortgage Assignments.[7] A voidable assignment—like any voidable contract—is and remains valid as to and against any third party.

Notwithstanding this argument, plaintiff's challenges as to the validity of the Assignments are defeated upon examination of the Mortgage and Assignments. For example, plaintiff alleges that the Assignment to E*Trade is fatally flawed because it was not assigned by the mortgagee. Yet examination of this Assignment clearly shows that Bank of America N.A, the Assignee of the original mortgagee, Morton Community Bank, was the Assignor. Plaintiff's allegations regarding the validity of the Assignments lack merit and fail to state a claim to relief that is plausible on its face. As plaintiff's challenge to the validity of the Assignments relates to plaintiff's claims against E*Trade, plaintiff's Complaint should be dismissed. In fact, the Memorandum & Order issued by this Court on September 3, 2013

---

[6] The Culhane court ultimately found that a mortgagor does have standing to contest an assignment as void, as opposed to voidable, but based that decision upon Massachusetts statutory law that has no analog under the Rhode Island statutes. See Culhane, 708 F.3d at 290.

[7] That Morton Community Bank, Bank of America and Bayview are parties to this litigation and do not themselves disaffirm or challenge the validity of the Assignment is a further form of ratification of it. See Yuille v. Am. Home Mortgage Servs., Inc., No. 10-2564, 483 Fed. Appx. 132, 135, 2012 WL 1914056 (6th Cir. May 29, 2012) ("[A]ny defect in the written assignment of the mortgage would make no difference where both parties to the assignment ratified the assignment by their subsequent conduct in honoring its terms, . . . Yuille, as a stranger to the assignment, lacked standing to challenge its validity."); Yuille v. Am. Home Mortg. Servicing, et al., 09-11203, 2010 U.S. Dist. LEXIS 113300 (E.D. Mich. Sept. 22, 2010) (citing Long v. City of Monroe, 251 N.W. 582, 587 (Mich. 1933) ("[W]here a corporation has authorized or ratified the signature of its name in such a manner as to bind the corporation itself, whether such authority or ratification were express or formal **or arose from acquiescence and inaction**, the signature cannot be disputed by any third party for the purpose of invalidating the [document], which the corporation itself cannot or does not attack.") (emphasis added).

states that Rhode Island law does not provide sufficient support to allow a determination that plaintiff(s) have a likelihood of success on the merits.

### ii.     E*Trade is Entitled to Foreclose on the Property.

Plaintiff's allegations relative to E*Trade's right to foreclose fail when analyzed against the provisions of the Mortgage, the Assignments and R.I. Gen. Laws § 34-11-22.  By the plain language of the Mortgage, cited above, plaintiff granted Morton Community Bank the Statutory Power of Sale, the right to foreclose through the Mortgage and the right to sell the Mortgage and Note without notice to plaintiff.  The Mortgage was assigned by Morton Community Bank to Bank of America N.A. and then by Bank of America N.A to E*Trade.  Therefore, E*Trade, as assignee, is entitled to foreclose on the Property.  R.I. Gen. Laws § 34-11-22 provides that in the event of a default, it is lawful for the mortgagee or its assigns "to sell, together or in parcels, all and singular the premises hereby granted or intended to be granted, or any part or parts thereof, and the benefit and equity of redemption of the mortgagor and his, her or its heirs, executors, administrators, successors and assigns therein, at public auction upon the premises, or at such other place, if any, as may be designated for that purpose in this deed..."  Further, R.I. Gen. Laws § 34-11-24, entitled "Effect of assignment of mortgage," provides in relevant part:  "an assignment of mortgage…shall…have the force and effect of granting, bargaining, transferring and making over to the assignee, …the mortgage deed with the note and debt thereby secured, …" Accordingly, E*Trade, as the last assignee, is entitled to foreclose on the Property.

### iii.  Plaintiff's Bald Assertions and Should Not be Considered by the Court.

Plaintiff makes a mixture of bald and conclusory assertions regarding the Note and Mortgage, *e.g.* the lack of consideration, purported satisfaction and unspecified fraud. Plaintiff offers nothing to support such allegations beyond the unverified and conclusory allegations of her Complaint.  For example, in paragraph 62 of the Complaint, plaintiff alleges that the note is current or has been satisfied by another third party.  This bald, boiler-plate assertion,[8] with no supporting allegations regarding any alleged payments, should not be considered by this Court.  Plaintiff filed suit on October 4, 2011.  Plaintiff's case was added to the Special Master's docket as part of *In re Mortgage Foreclosure Cases*, 1:11-mc-00088-M-LDA.  In accordance with orders of the Special Master, of which E*Trade asks this Court to take judicial notice, plaintiffs were required to make monthly use and occupancy payments for the properties that are the subject of litigation or face possible dismissal of their claims.  The Special Master calculated the use and occupancy payment at approximately half of the amount of the mortgage payment with a small amount added for interest.  (*In re Mortgage Foreclosure Cases*, 1:11-mc-00088-M-LDA, ECF 824).

Assessing plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense" to determine whether the well-pled facts alleged in the complaint are sufficient to "permit the court to infer more than the mere possibility of misconduct." Iqbal, 129 S.Ct. at 1950.  The very fact that the case was on the Special Master's docket and that plaintiff was making use and occupancy payments is a clear

---

[8] This allegation has been raised by plaintiff's counsel in each of seven other cases in which counsel for Bayview is defending and, in each case, plaintiff(s) defaulted under their mortgages:  1:11-cv-00802-M-LDA; 1:12-cv-00642-M-LDA;1:12-cv-00784-M-LDA; 1:13-cv-00069-M-LDA; 1:13-cv-00241-M-LDA; and 1:13-cv-00256-M-LDA; 1:13-cv-00355-M-LDA.

demonstration that plaintiff's boilerplate allegation regarding the status of the note is not correct.

### iv. Plaintiff Has Not Effected Service Upon E*Trade.

Plaintiff filed Affidavit of Service upon the defendants. However, there is no confirmation of service upon E*trade (the affidavit did not include the return receipt "green card" for any service upon E*Trade). Plaintiff thus has not met her burden of showing that she properly served E*Trade. Fed.R.Civ.P. 12(b)(4) and 12(b)(5). On December 26, 2012, this Court ordered that proof of service upon each defendant shall be filed by the plaintiff with the Court and provided to the Special Master within a period of seven days after service. According to the Order, failure to prove service within the applicable time period shall result in dismissal without prejudice, pursuant to Rule 4(m). Plaintiff has not done this as to E*Trade in the nine months since that Order.

### III. Conclusion

For the afore-mentioned reasons, E*Trade requests that this Court dismiss the plaintiff's Complaint.

Respectfully submitted,

Dated: October 4, 2013

/s/ Paul Michienzie
Paul Michienzie (pro hac vice)
Michienzie & Sawin LLC
745 Boylston Street, 5th Floor
Boston, Massachusetts 02116
Tel: 617-227-5660
Fax: 617-227-5882
pm@masatlaw.com

      /s/ Jeanne M. Scott
Jeanne M. Scott, Esq. – #6178
The Law Offices of Jeanne M. Scott
35 Touro Street
Newport, RI  02840
Tel. 401-849-8400
Fax. 401-849-8444
jms@jeannescottlaw.com

Counsel for Defendant,
E*Trade Bank


**CERTIFICATE OF SERVICE**

    I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 4, 2013.


      /s/ Paul Michienzie