UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DAWNE ERA,<br><br>  Plaintiff,<br><br>v.<br><br>MORTON COMMUNITY BANK,<br>BANK OF AMERICA, NA and<br>E*TRADE BANK,<br><br>  Defendants. | C. A. No. 11-455-M |

## MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., United States District Judge.

Before the Court is Defendant E*Trade's Motion to Dismiss (ECF No. 23) Plaintiff Dawne Era's Complaint for declaratory action and injunctive relief based on allegations of a void assignment and irregularities in the foreclosure procedure on her home in Warwick, Rhode Island. Defendants Bank of America and Morton Community Bank joined in E*Trade's motion. (ECF Nos. 24, 25.) Ms. Era objects to the motions, arguing that she has standing to challenge the mortgage assignments and states claims upon which relief may be granted. (ECF No. 28.) Because the Court finds that Ms. Era lacks standing to bring this suit, Defendants' Motion to Dismiss is GRANTED.[1]

---

[1] The Court recognized that a large number of cases on its mortgage docket raised similar claims and defenses. The Court instructed the parties to identify cases with common legal issues where the determination of those issues might apply to a number of cases on the docket. The parties identified Ms. Era's case as one such case.

I.  FACTS

Plaintiff Dawne Era obtained a loan for a house at 4 Fifteenth Street in Warwick, Rhode Island from Defendant Morton Community Bank on April 8, 2007. (ECF No. 1 at ¶¶ 1, 8.) Morton assigned the mortgage to Defendant Bank of America on April 8, 2007. (*Id.* at ¶ 9.) The assignment was signed on April 8, 2007 (a pre-typed date), but it was not notarized until May 1, 2007. (*Id.* at ¶ 9.) Bank of America then assigned the mortgage on June 28, 2007 to E*Trade. (*Id.* at ¶ 28.) Both assignments were recorded on August 5, 2011. (*Id.* at ¶ 20, ECF No. 1-3.)

It is not clear from the Complaint, but at some point, Ms. Era stopped paying her mortgage. E*Trade sold the property at a foreclosure sale, but a foreclosure deed was never recorded.[2] Ms. Era filed this suit seeking a declaratory judgment (Count I), to quiet title (Count II), and punitive damages (Count III). (ECF No. 1.) The Complaint requests: a declaration as to title and ownership of the property; a declaration that that Ms. Era owns the property as a matter of law; a declaration that only Ms. Era has marketable title; a declaration that the conveyance, the assignment, and the acknowledgment are void; an order quieting title to the property; unspecified damages and attorney's fees; and punitive damages. (*Id.*)

II.  STANDARD OF REVIEW

To survive a motion to dismiss for failure to state a claim, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). At the same time, the Court must accept a plaintiff's allegations as true and construe them in the light most favorable to them. *Gargano v. Liberty Int'l Underwriters*, 572 F.3d 45, 48 (1st Cir. 2009).

---

[2] According to the papers, a third party purchased the property at the foreclosure sale. That party has not been joined, but E*Trade has apparently entered into an agreement that if the court dismisses the instant case, the sale will go through, but if the case continues, the third party can avoid the sale.

"A Rule 12(b)(6) motion will be granted only if, when viewed in this manner, the pleading shows no set of facts which could entitle plaintiff to relief." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988) (citing *Conley v. Gibson*, 355 U.S. 41, 45-48 (1957)). These "minimal requirements are not tantamount to nonexistent requirements. The threshold may be low, but it is real – and it is the plaintiff's burden to take the step which brings his case safely into the next phase of the litigation." *Gooley*, 851 F.2d at 514. "[A] plaintiff . . . is . . . required to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Id.* at 515.

An important distinction must be drawn in this case between the standard of review that Rhode Island state courts use in deciding motions to dismiss and our federal standard. State courts grant motions to dismiss "when it is clear beyond a reasonable doubt that the plaintiff would not be entitled to relief from the defendant under any set of facts that could be proven in support of the plaintiff's claim." *Palazzo v. Alves*, 944 A.2d 144, 149-50 (R.I. 2008). Conversely, in federal court, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombley*, 550 U.S. at 570). The Rhode Island Supreme Court recognized that the federal standard is more stringent and this "cannot be blended with the traditional Rhode Island standard." *Chhun v. Mortg. Elec. Registration Sys., Inc.*, 84 A.3d 419, 422 n.5 (R.I. 2014).

Though this Court sitting in diversity must apply Rhode Island substantive law, it is obliged to apply federal procedural law. *Allison v. Byard*, 163 F.3d 2, 4 (1st Cir. 1998). Thus, this Court is bound to apply the *Iqbal-Twombley* federal standard. Therefore, in order to survive a motion to dismiss, a complaint's "[f]actual allegations must be enough to raise a right to relief

above the speculative level." *Twombley*, 550 U.S. at 555. The Court need not accept all allegations in the complaint as true – "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Plaintiff's complaint must state a plausible claim for relief in order to survive a motion to dismiss. *Id.*

## III. ANALYSIS

Ms. Era bases her three claims against Morton and Bank of America on three arguments. She argues that the assignment from Morton to Bank of America is void because it was not notarized on the same day it was executed and that the assignor did not hold both the mortgage and note as is required under Rhode Island state law. Second, she asserts that Defendants did not follow the statutory and contractual notice requirements. Third, Ms. Era asserts that her mortgage is current or has been satisfied by a third party. The Court will analyze each of these claims in light of Defendants' motion to dismiss and the applicable case law.

### A. Count I – Declaratory Judgment

In her claim for declaratory judgment, Ms. Era alleges that she owns the property and any assignment of her mortgage from Morton to Bank of America is void because "it was executed prior to the execution of both the mortgage and note." (ECF No. 1 at ¶ 11.) Ms. Era also appears to challenge the subsequent assignment from Bank of America to E*Trade because "the assignment of the mortgage without a corresponding negotiation of the promissory note is a nullity."[3] (*Id.* at ¶¶ 32, 35.) She seeks a declaration, among other things, that she owns the property as a matter of law, has marketable title to the property, and an award of costs. (*Id.* at 7-

---

[3] It is not clear to the Court whether Ms. Era challenges the second assignment from Bank of America to E*Trade on independent grounds or based on the fact that the original assignment to Bank of America is void, making subsequent assignments void as well. Even if it is the former, Ms. Era's challenge fails in light of the Court's determination that she would not have standing to raise the issue as to either assignment.

4

8.) Before getting to the merits of her claim, the Court must consider whether Ms. Era, who is not a signatory to either mortgage assignment, has standing to challenge the validity of those assignments.

### 1. Standing - has Ms. Era alleged a void or voidable assignment?

Ms. Era must establish that she has standing by making plausible allegations that the assignments were void and not merely voidable. *Clark v. Mortg. Elec. Registration Sys., Inc.*, C.A. No. 12-802 (D.R.I. filed March 27, 2014). Ms. Era argues that she has standing to challenge the mortgage assignment and foreclosure, citing the Court's decision in *Cosajay v. Mortg. Elec. Registration Servs., Inc.*, C.A. No. 10-442-M, 2013 WL 5912569 (D.R.I. Nov. 5, 2013), because she alleged that the assignment from Morton to Bank of America was void, making the second assignment, and resulting foreclosure or the threat thereof, void as well. Defendants disagree, arguing that Ms. Era has alleged at best only voidable conditions that would not afford her standing. Substantively, Defendants contest Ms. Era's allegations as insufficiently plausible and incapable of stating a claim for relief. "A trial court confronted with the standing issue in this type of case must conduct an inquiry to determine whether a plaintiff's allegations are that a mortgage assignment was void, or merely voidable." *Wilson*, 2014 WL 563457, at *5.

While Ms. Era starkly alleged several times in her Complaint that "[t]he assignment is void," (ECF No. 1 at ¶¶ 11, 14, 27, 35), the Court need not credit such conclusory allegations. *Iqbal*, 556 U.S. at 678. It must examine the Complaint allegations and determine whether they plausibly state a claim. Ms. Era alleges that the Morton to Bank of America assignment is void because (a) it was not duly executed and (b) the assignor did not hold both the note and mortgage in order to validly assign. Even assuming that these averments are true, as we must for purposes

of deciding the motion to dismiss, Ms. Era's Complaint does not contain any allegations supporting her conclusion that the assignment is void, which would give her standing to challenge it.[4]

### a. Duly Executed

John L. Lacy and Christie L. Cook signed the mortgage assignment from Morton to Bank of America. (ECF No. 1 at ¶ 9.) Neither of them personally dated the assignment, but a date of April 8, 2007 had been on the document. (*Id.*) The notary's signature was affixed on May 1, 2007. (*Id.*) Ms. Era asserts that the assignment is not duly executed in accordance with Rhode Island Gen. Laws § 34-11-1 because it was signed on April 8, 2007, but not notarized until May 1, 2007. (*Id.* at ¶¶ 12-13.) She speculates in her brief that either the assignment was "prepared in advance, executed in blank, back-dated, or not notarized at the time of execution" thus making this assignment void and giving her standing to challenge it. (ECF No. 28 at 11.)

Defendants' move to dismiss for lack of standing, arguing that any dating abnormality makes the assignment voidable at best. The Court agrees. The Morton assignment was notarized in Illinois in accordance with Illinois law. In fact, Illinois statutory law recognizes three notarial acts – an acknowledgment, a verification upon oath or affirmation, and witnessing or attesting a signature. 5 ILCS 312/6-102. An acknowledgment is defined as a declaration that a person executed a document for the purposes stated and with the proper authority. 5 ILCS 312/6-101. Ms. Juanita Taylor, a notary public from the State of Illinois, took an acknowledgment in this case. She recognized the signatures, affirmed the signatories' positions,

---

[4] Ms. Era relies heavily on the Court's decision in *Cosajay* where it found standing based on the void versus voidable distinction. *Cosajay* does not apply, however. While the Court declined to parse Ms. Cosajay's complaint to determine which of her allegations were void versus voidable, its reliance on her allegation that the mortgage assignment was invalid because it was made to an alleged non-existent entity to find standing is not present in Ms. Era's case. *Cosajay*, 2013 WL 5912569, at *5.

6

and their authority to execute the document on behalf of Morton. (ECF No. 1-3 at 3.) There is nothing in the acknowledgment definition or in section 6-102(a) that requires an Illinois notary, in taking an acknowledgment, to witness the person signing the document or that requires the signatures to be made on the same day.

Finding that Ms. Taylor's acknowledgment was valid under Illinois law, Defendants direct the Court to Rhode Island's statutory law on foreign acknowledgments, R.I. Gen. Laws § 34-12-1. That section essentially finds that foreign acknowledgments are deemed legally executed as long as they comply with the foreign state's law. Because the assignment was legally acknowledged in Illinois, it is legally executed in accordance with Rhode Island law. Therefore, because the assignment is valid on its face, despite any inconsistency in the dates, the Court rejects Ms. Era's argument that the assignment is void on that ground.

### b. Note and Mortgage Held Together

Ms. Era also asserts that the assignment is void because Morton did not hold both the note and the mortgage when it executed the assignment to Bank of America. (ECF No. 28 at 12-14.) Defendants counter that not only does this argument not confer standing on Ms. Era, but it also defies the language in the mortgage and assignment documents.

The Rhode Island Supreme Court has consistently "held that the note and the mortgage did not need to be held by one entity." *Mruk*, 82 A.3d at 537; *Culhane*, 708 F.3d at 292; *Bucci*, 68 A.3d at 1087. In this case, there are no facts alleged that would violate the rule set forth in *Mruk*, *Culhane*, or *Bucci*. However, it is not only the law that defeats Ms. Era's allegations, but the facts of her case. The mortgage identifies Morton as Lender. (ECF No. 1-2 at 1-2.) The Mortgage expressly provides:

> "This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of

> Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, *Borrower does hereby mortgage, grant and convey to the Lender*, with Mortgage Covenants upon the Statutory Condition and with the Statutory Power of Sale, the [Property]."

(*Id.* at 3.) (emphasis added). Ms. Era gave to Morton the statutory power of sale.

By signing the note, Ms. Era acknowledged that she understood that Morton could transfer the note to anyone and that entity would then become the lender and note holder. (ECF No. 32-4 at 2.) Morton then assigned the mortgage "[t]ogether with the note" to Bank of America. (ECF No. 1-3 at 2.) Therefore, the Court rejects Ms. Era's argument that the assignment is void because Morton did not hold the mortgage and promissory note when it assigned to Bank of America as contrary to the facts.

This holding applies to any allegations about the Bank of America to E*Trade assignment as well. In the assignment to E*Trade, Bank of America identifies itself as the "the owner and holder of one certain promissory Note executed by Dawne Era" and transfers and assigns to E*Trade "[a]ll beneficial interest in and to title to said Security Instrument, together with the Note..." (ECF No. 1-3 at 1.) Bank of America received the note and mortgage from Morton and assigned both to E*Trade. (*Id.*) It is clear from the documents that each assignment assigned both the note and mortgage, and therefore both assignments are valid on their face. Ms. Era levels no formidable attack on those facts other than conclusory allegations of invalidity.

### 2. Notice Requirements in the Mortgage

Ms. Era alleges that she never received the notice required in paragraph twenty-two of her mortgage that she was in default and that the mortgagee intended to accelerate unless she cured the default. The Court need not undertake a complicated standing analysis on this issue because Ms. Era clearly is an interested party to the foreclosure on her own property. As a party

8

to the mortgage, she has standing to challenge any breach of that document by the lender or its assigns.

In her Complaint, Ms. Era reproduces the paragraph twenty-two notice language and alleges that it does not allow for a mortgagee or its assigns to invoke the statutory power of sale. (ECF No. 1 at ¶¶ 40-41.) Essentially Ms. Era argues that the original lender, Morton, was required to send the notice of acceleration despite its assignment and transfer of both the note and the mortgage to Bank of America. (*Id.* at ¶ 42-44.) She asserts that notice from Bank of America and/or E*Trade did not comply with the terms of the mortgage because neither was specifically named in the mortgage document as lender. (*Id.* at ¶¶ 45-52.)

The Rhode Island Supreme Court in *Mruk* squarely rejected the argument that an entity cannot exercise the statutory power of sale because it was not the original lender. *Mruk*, 82 A.3d at 537. Because Bank of America and E*Trade held the note and mortgage as transferred from the lender, they each were entitled to invoke the power of sale set forth in the mortgage.

Moreover, Ms. Era argues that she did not receive adequate notice of intent to accelerate, but other than restating what paragraph twenty-two says is adequate notice, she fails to specify what Defendants did or did not do in notifying her. Ms. Era alleges that the foreclosure sale was not noticed, scheduled, or advertised as the mortgage requires, but acknowledges that both Bank of America and E*Trade did publish the notice of sale. (ECF No. 1 at ¶¶ 46-47, 49-50.) Ms. Era makes absolutely no allegation – plausible or otherwise - that Defendants did not comply with the terms of paragraph twenty-two. Standing requirements aside, Ms. Era's allegation with respect to notice fail under an *Iqbal-Twombley* analysis. *Iqbal*, 556 U.S. at 678 ("threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice."); *Twombley*, 550 U.S. at 555 ("[f]actual allegations must be enough to raise a right to relief above the speculative level.") Therefore, Ms. Era's argument on this ground is overruled.

### 3. Mortgage Has Been Satisfied

Ms. Era alleges that Defendants' motion to dismiss should be denied because the note on her property is current or has been satisfied by Plaintiff or another third party. (ECF No. 1 at ¶ 62.) The fact that this allegation is in the alternative – that "the note is current or has been satisfied by Plaintiff or another third party" – underscores the vagueness of this allegation. Ms. Era has failed to plead a single factual allegation that would allow this Court to determine if her assertion on this point is at all plausible.[5] She makes the somewhat unbelievable assertion that either she paid the mortgage in full or a third party paid her mortgage for her. This is a bald assertion if ever there was one and this Court cannot credit it as plausible without more information regarding any alleged payments or satisfaction of the debt. *SEC v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010) ("If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal."). There is no information forthcoming demonstrating that Ms. Era was not in default or explaining why she agreed to participate in the Special Master program,[6] paying use and occupancy fees, if in fact her mortgage was paid in full. Because Ms. Era has failed to meet the "low, but ... real" threshold of plausibility on a motion to dismiss, *see Gooley*, 851 F.2d at 514, her claim that her mortgage has been paid is dismissed.

---

[5] The Court does know that this case was removed from the Special Master's mortgage docket because the property was foreclosed before Ms. Era filed suit and then sold to a third party, whose status as a Rhode Island resident would destroy this Court's diversity jurisdiction. (ECF No. 11 at 2.)

[6] The Court is aware that it required the parties to participate in the Special Master's mediation program; however, it is certain that, if a plaintiff (or someone on her behalf) had in fact been paying her mortgage and had evidence of that payment, she would have produced that evidence to the Special Master and/or Defendants as evidence that she was never in default.

### 4. Fraud

Ms. Era has alleged very general fraud allegations in her Complaint, such as "[t]he assignment from Morton to BOA is void due to fraud;" "[t]he mortgage is void due to fraud;" "[t]he note is void due to fraud;" and allegations about "deceptive practices regarding the false filing of documents." (*See* ECF No. 1 at ¶¶ 27, 72, 75, 95.)[7]

Rule 9(b) of the Federal Rules of Civil Procedure states: "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally." "[E]vidence and detailed facts are not required where allegations of fraud set forth the specific basis for the claim. Even where allegations are based on information and belief, supporting facts on which the belief is founded must be set forth in the complaint. And this holds true 'even when the fraud relates to matters peculiarly within the knowledge of the opposing party.'" *Hayduk v. Lanna*, 775 F.2d 441, 444 (1st Cir. 1985) (quoting *Wayne Inv., Inc. v. Gulf Oil Corp.*, 739 F.2d 11, 13-14 (1st Cir. 1984)). This Court finds that these allegations are conclusory, unsupported and thus not in compliance with Rule 9(b)'s "particularity" requirement. Therefore, Ms. Era's Complaint, to the extent that she alleges fraud, is rejected.

### B. Count II – Quieting Title Claim

Ms. Era alleges that E*Trade does not have the right to foreclose because it does not have a clear chain of title showing its ownership in the note and mortgage on her property at 4 Fifteenth Avenue, Warwick, Rhode Island. However, the assignments state that Ms. Era's mortgage and note was assigned from Morton to Bank of America and from Bank of America to

---

[7] Ms. Era states in her memorandum and clearly suggested at the hearing that the Defendants backdated the assignment to either cover an error or fraud. In her Complaint, however, she alleges that the contradictory dates are evidence of a "discrepancy." Whether the dating was an inadvertent error or otherwise, Ms. Era has failed in her Complaint to sufficiently plead fraud.

E*Trade. (ECF No. 1-3.) Accordingly, E*Trade had a clear chain of title and the right to foreclose on Ms. Era's property. *Mruk*, 82 A.3d at 538. Her quiet title claim therefore must be dismissed.

### C.   Count III - Punitive Damages

In light of the Court's conclusions as to Counts I and II of Ms. Era's Complaint, no discussion of her punitive damages claim is merited. Count III is likewise dismissed.

## IV.   CONCLUSION

Ms. Era does not have standing to challenge the mortgage assignment because the allegations in her Complaint at best simply allege voidable defects. Ms. Era's remaining claims fail because they are contrary to Rhode Island and First Circuit precedent. Defendants' motions to dismiss (ECF No. 23, 24, and 25) are GRANTED.[8] Ms. Era's Complaint against all defendants is DISMISSED.

IT IS SO ORDERED:

*/s/ John J. McConnell, Jr.*

John J. McConnell, Jr.
United States District Judge

March 28, 2014

---

[8] Defendant E*Trade argues that Ms. Era's Complaint should be dismissed without prejudice because she has failed to demonstrate proper service on E*Trade. (ECF No. 32 at 20-21.) In light of the Court's decision dismissing Ms. Era's Complaint, the Court declines to pursue this argument any further.